# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ABDUL QADIR SHAIKH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-1511 RLW |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 25).[1] The motion is fully briefed and ready for disposition. For the reasons below, the motion will be granted and this case will be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Abdul Qadir Shaikh is a citizen of India. (ECF No. 29, Pl.'s Mem. in Opp'n, p. 2). He submitted a nonimmigrant visa application on January 14, 2015 to the United States Consulate in Mumbai, India. (ECF No. 29-1, Pl.'s Ex. A, p. 1). In his application, Plaintiff represented that he was traveling to the U.S. to attend a trade exposition in Atlanta, Georgia. *Id*. Plaintiff stated in his application that he planned to arrive in the U.S. on January 27, 2015 and

---

[1] The Defendants in this action are the United States Department of Homeland Security, United States Citizenship and Immigration Services, Alejandro Mayorkas in his capacity as Secretary of the Department of Homeland Security, Ur Jaddou in her capacity as Director of the United States Citizenship and Immigration Services, and Ann Marie Jordan-Starks in her capacity as Director of the St. Louis Field Office of the United States Citizenship and Immigration Services. Pursuant to Rule 25(d), Fed. R. Civ. P., Defendant Mayorkas is automatically substituted for Defendant Chad Wolf, and Defendant Jaddou is automatically substituted for Defendant Kenneth Cuccinelli.

leave on February 1, 2015. *Id*. As part of the application process, Plaintiff attended an interview at the U.S. Consulate in Mumbai where he confirmed that he planned to attend a trade exposition in Atlanta. *Id*. at 1-2. The United States Citizenship and Immigration Services ("USCIS") issued Plaintiff a B-1/B-2 nonimmigrant visa on February 3, 2015. *Id*. at 2.

Plaintiff arrived in Houston, Texas as a nonimmigrant visitor on March 1, 2015. *Id.* He was authorized to remain in the country until August 31, 2015. *Id*. On August 4, 2015, Plaintiff applied for an extension of his nonimmigrant status. *Id*. USCIS granted the application and extended Plaintiff's stay to February 28, 2016. *Id.*

Plaintiff married Terri Lynn Armstrong, a U.S. citizen, on January 27, 2016. *Id.* On April 25, 2016, Plaintiff's spouse filed a Form I-130, Petition for Alien Relative, on Plaintiff's behalf. *Id.* Plaintiff concurrently filed a Form I-485, Application to Register Permanent Resident or Adjust Status. *Id.* USCIS granted Mrs. Shaikh's I-130 on April 27, 2020. *Id.* at 1.

On January 9, 2019, Plaintiff appeared for an interview with USCIS to determine his eligibility for adjustment of status. *Id*. at 2. During the interview, Plaintiff testified under oath that he paid a travel agency $10,000 to help obtain his nonimmigrant visa. *Id.* Plaintiff further admitted that his visa application misrepresented the fact that he was visiting the U.S. to attend an exposition in Atlanta. *Id.* Plaintiff admitted that he did not go to Atlanta but instead stayed with a friend in Houston. *Id.*

On May 27, 2020, not having received a decision on his application to adjust status, Plaintiff filed the present action seeking an order from the Court directing USCIS to finally adjudicate Plaintiff's Form I-485. (ECF No. 1). The following month, USCIS issued Plaintiff a Notice of Intent to Deny his Form I-485. (ECF No. 29-1). The primary basis for the denial was USCIS's finding that Plaintiff made material misrepresentations in his visa application. *Id.* Based

on this determination, USCIS concluded that Plaintiff did not qualify for an adjustment under 8 U.S.C. § 1255(a). *See* 8 U.S.C. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."). *Id.*

One month later, Plaintiff filed a Form I-601, Application for Waiver of Grounds of Inadmissibility. (ECF No. 29-2, Pl.'s Ex. B, p. 17). USCIS denied Plaintiff's application on August 25, 2020. (ECF No. 29-3, Pl.'s Ex. C, p. 1). The denial explained that "granting of a waiver of inadmissibility is a discretionary benefit" and "adverse factors may preclude a favorable exercise of discretion by USCIS." *Id.* at 2. The denial further stated: "In your case, after full consideration of all of the evidence, USCIS concludes that your case presents significant adverse factors which show that discretion in this matter should not be exercised in your favor." *Id.* While the denial acknowledged favorable factors for Plaintiff—including his marriage to a U.S. citizen and her physical and mental health conditions—it ultimately concluded:

> Your repeated abuses of the immigration system in order to enter and remain in the United States fraudulently and engage in unauthorized employment are serious and overriding discretionary factors that outweigh the favorable discretionary factors in this matter.

*Id.* at 3.

Plaintiff filed his Second Amended Complaint in the present case on December 22, 2020. (ECF No. 23). In Count I, Plaintiff asks this Court to review USCIS's denial of his Form I-601, Application for Waiver of Grounds of Inadmissibility. *Id* at 6. Plaintiff states that USCIS denied the application "because they refused to and/or failed to consider the evidence submitted by Plaintiff and sought to punish Plaintiff for having the temerity to sue the Defendants over his long-

3

delayed applications." *Id*. Plaintiff claims that Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act, 5 U.S.C. §§ 500, *et seq*. *Id*.

In Count II, Plaintiff alleges that Defendants denied him procedural due process in violation of the Fifth Amendment Due Process Clause because USCIS did not consider hardship and "refused to apply the proper legal standard." *Id* at 7. Plaintiff asks this Court to: (1) accept jurisdiction and review the USCIS decision to deny Plaintiff's Form I-601; (2) declare that Defendants' decision violated the Administrative Procedures Act because it was arbitrary and capricious; (3) declare that USCIS's decision to deny Plaintiff's Form I-601 was unlawful, a violation of the Immigration and Nationality Act ("INA") and the relevant regulations, and a violation of the United States Constitution; (4) enjoin USCIS from denying Plaintiff's Form I-601; (5) order USCIS to approve Plaintiff's Form I-601; and (6) grant attorneys' fees and costs to Plaintiff. *Id* at 7-8.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). In deciding a motion under Rule 12(b)(1), the Court "must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle ex rel. Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). In either scenario, Plaintiff bears the burden of establishing subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

## STATUTORY CONTEXT

A nonimmigrant resident may become a lawful permanent resident under the INA if: (1) the nonimmigrant makes an application for such adjustment, (2) the nonimmigrant is eligible to receive an immigrant visa and is admissible to the U.S. for permanent residence, and (3) an immigrant visa is immediately available to him when the application is filed. 8 U.S.C. § 1255(a). The applicant bears the burden of proving that he is not inadmissible. *Nyumah v. Wolf*, 500 F.Supp.3d 821 (E.D. Mo. 2020) (citing *Godfrey v. Lynch*, 811 F.3d 1013, 1017 (8th Cir. 2016)), *appeal dismissed sub nom. Nyumah v. Mayorkas*, No. 20-3550, 2021 WL 2333132 (8th Cir. May 6, 2021). A nonimmigrant "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i). Even if an applicant meets the statutory criteria, whether he receives an adjustment of status is ultimately within the discretion of the Attorney General. *Mutie-Timothy v. Lynch*, 811 F.3d 1044, 1048 (8th Cir. 2016); *see also* 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review – (i) any judgment regarding the granting of relief under section . . . 1182(i) . . . or 1255 of this title, or (ii) any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]").

The Attorney General may, in the discretion of the Attorney General, waive the application of 8 U.S.C. § 1182(a)(6)(C)(i) "if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse[.]" 8 U.S.C. § 1182(i)(1). No court, however, shall have jurisdiction to review such decision by the Attorney General. 8 U.S.C. § 1182(i)(2).

And while judicial review may be available for legal or constitutional claims, "factual arguments couched in legal or constitutional terms are insufficient to overcome the jurisdictional bar." *Mutie-Timothy*, 811 F.3d at 1048 (citation omitted).

## DISCUSSION

Because the parties do not dispute the underlying facts, the Court will interpret Defendants' Motion to Dismiss as a facial attack and will accept as true all facts alleged in the Second Amended Complaint. *See Pritchett v. United States Dep't of Homeland Sec.,* No. 4:19-CV-458 RLW, 2020 WL 1032444, at *3 (E.D. Mo. Mar. 3, 2020) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)). The Court will also consider the parties' exhibits.[2]

### I. Lack of Subject Matter Jurisdiction

Defendants assert that the Court cannot review USCIS's denial of Plaintiff's Form I-601, Application for Waiver of Grounds of Inadmissibility, because Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), precludes judicial review. Under the APA, courts

---

[2] Defendants have attached the following exhibits to their Motion:
- Exhibit A – Mrs. Shaikh's I-130, Petition for Alien Relative
- Exhibit B – Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status
- Exhibit C – USCIS's Notice of Intent to Deny Plaintiff's I-485
- Exhibit D – Plaintiff's I-601, Application for Waiver of Grounds of Inadmissibility
- Exhibit E – USCIS's Decision denying Plaintiff's I-601
- Exhibit F – USCIS's Decision denying Plaintiff's I-485
- Exhibit G – Department of Homeland Security's Notice to Appear for removal proceedings
- Exhibit H – Plaintiff's I-290B, Notice of Appeal or Motion
- Exhibit I – USCIS's Decision denying Plaintiff's Motion to Reconsider

Plaintiff has attached the following exhibits to his Memorandum in Opposition:
- Exhibit A – USCIS's Notice of Intent to Deny Plaintiff's I-485
- Exhibit B – Plaintiff's Response to USCIS's Notice of Intent and Plaintiff's I-601
- Exhibit C – USCIS's Decision denying Plaintiff's I-601
- Exhibit D – Plaintiff's Motion to Reconsider
- Exhibit E – USCIS's Decision denying Plaintiff's Motion to Reconsider

Because their contents are alleged in the Second Amended Complaint, and no party questions their authenticity, the Court may consider these materials in ruling on Defendants' Motion to Dismiss. *Herbert L. R. v. Tritten*, 421 F. Supp. 3d 688, 691-92 (D. Minn. 2019).

may exercise judicial review over an administrative decision unless: (1) a statute precludes such review, or (2) the action to be reviewed is committed to agency discretion. 5 U.S.C. § 701(a). Defendants contend that § 701(a)(1) applies because 8 U.S.C. §§ 1182(i)(2) and 1252(a)(2)(B)(i) expressly preclude judicial review. Defendants further contend that § 701(a)(2) applies because 8 U.S.C. § 1182(i)(1) commits the decision to waive an alien's inadmissibility to the discretion of the Attorney General.

### A. Sections 1182(i)(2) and 1252(a)(2)(B)(i) of the Immigration and Nationality Act preclude judicial review.

Plaintiff argues that the Court may review USCIS's decision not to waive inadmissibility because the APA empowers the Court to set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). Plaintiff does not, however, address Defendants' argument that §§ 1182(i)(2) and 1252(a)(2)(B)(i) of the INA expressly preclude judicial review. For the reasons below, the Court finds that it lacks subject matter jurisdiction to review USCIS's denial of Plaintiff's I-601 inadmissibility waiver application.

The APA states that a court may not exercise jurisdiction where a statute precludes judicial review. 5 U.S.C. § 701(a)(1). Under 8 U.S.C. § 1182(i)(1), the Attorney General may waive the application of inadmissibility under subsection (a)(6)(C). But 8 U.S.C. § 1182(i)(2) states: "No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)." This bar to review is reinforced by 8 U.S.C. § 1252(a)(2)(B), which provides that "no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1182(i)[.]" *Toby v. Holder*, 618 F.3d 963, 968 (8th Cir. 2010) (quoting 8 U.S.C. § 1252(a)(2)(B)).

7

The Eighth Circuit recently considered the application of § 1252(a)(2)(B)(i). *J.M.O. v. United States*, 3 F.4th 1061 (8th Cir. 2021). In *J.M.O.*, the plaintiff sought a preliminary injunction setting aside the effective date of USCIS's denial of his Form I-485 application for adjustment of status. *Id.* at 1062. The district court denied the motion and the Eighth Circuit affirmed:

> In *Kucana v. Holder*, 558 U.S. 233, 246 (2010), the Supreme Court held that administrative judgments under 8 U.S.C. § 1255 and the other statutes specifically named in § 1252(a)(2)(B)(i) "are insulated from judicial review" because each "addresses a different form of discretionary relief from removal . . . and each contains language indicating that the decision is entrusted to the Attorney General's discretion." Numerous Eighth Circuit decisions before and after *Kucana* reached the same conclusion. *See, e.g.; Mutie-Timothy v. Lynch*, 811 F.3d 1044, 1049 (8th Cir. 2016) ("we lack jurisdiction to review the BIA's discretionary denial of adjustment of status" under 8 U.S.C. § 1255.).

*Id.* at 1063.

*Slappendel v. Garland* is also instructive here. No. 4:20CV3155, 2021 WL 3007669 (D. Neb. June 10, 2021), *appeal docketed*, No. 21-2551 (8th Cir. July 15, 2021). In *Slappendel*, the plaintiff filed Form I-601 to seek a waiver of the denial of his immigrant visa. Section 1182(h) of the INA permits an applicant to pursue a discretionary waiver if their "denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse." *Slappendel*, 2021 WL 3007669, at *1 (quoting 8 U.S.C. § 1182(h)(1)(B)). USCIS applied a higher standard because the plaintiff had previously been convicted of a crime involving moral turpitude. *Id*. USCIS found that denial would not result in extreme hardship to the plaintiff's wife and denied the waiver. *Id*. The plaintiff sought review by the district court arguing that USCIS wrongfully applied the heightened standard. *Id*. The court dismissed the action because § 1182(h) states— much like § 1182(i)(2) here—"No Court shall have jurisdiction to review a decision of the

8

Attorney General to grant or deny a waiver under this subsection." *Id.* (quoting 8 U.S.C. § 1182(h)). The court also acknowledged that § 1252(a)(2)(B)(i) further clarified the issue. *Id.*[3]

Because Plaintiff elected not to address Defendants' argument that the statutes preclude judicial review in this matter, the Court finds Plaintiff has conceded this point. But even if Plaintiff had addressed Defendants' argument, the above cases demonstrate that he could not overcome the plain meaning of the statutes. Simply put, "the APA does not empower courts to set aside agency actions where other statutes preclude judicial review." *Singh v. United States Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017) (citation and internal quotation marks omitted). Thus, the Court finds that it lacks jurisdiction to review the denial of Plaintiff's Form I-601.

## B. Congress expressly committed waiver of inadmissibility under § 1182(i) to agency discretion.

Despite conceding that the Court lacks jurisdiction under 5 U.S.C. § 701(a)(1), Plaintiff argues that the Court may exercise judicial review because the denial of Plaintiff's application was not discretionary. But the Court need not address this issue because 5 U.S.C. § 701(a) bars jurisdiction under two distinct scenarios: (1) where a statute precludes judicial review (addressed above), *or* (2) the action to be reviewed is committed to agency discretion. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985) (recognizing §§ 701(a)(1) and 702(a)(2) as separate exceptions to the presumption of jurisdiction). In other words, the successful application of either exception

---

[3] *See also Shabaj v. Holder,* 718 F.3d 48, 51 (2d Cir. 2013) (finding the court lacked jurisdiction to review denial of an inadmissibility waiver under §§ 1182(i)(2) and 1252(a)(2)(B)); *Olavides v. Napolitano*, No. CIV.A. 11-0547 JAP, 2011 WL 6176216, at *3 (D.N.J. Dec. 12, 2011) ("[T]he Court lacks jurisdiction to review the USCIS' denial of discretionary relief under 8 U.S.C. § 1182(i). As the plain language of sections 1182(i)(2) and 1252(a)(2)(B)(i) makes clear, decisions granting or denying waivers of inadmissibility are not subject to judicial review. Indeed, courts have consistently held that they lack jurisdiction to review 'hardship' determinations such as those made by the USCIS in the instant case.").

eliminates the Court's jurisdiction. Even so, for the reasons below, the Court finds that USCIS's denial of Plaintiff's Form I-601 was, in fact, discretionary.

>   Section 1182(i)(1) of the INA states:

> > The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien or, in the case of a VAWA self-petitioner, the alien demonstrates extreme hardship to the alien or the alien's United States citizen, lawful permanent resident, or qualified alien parent or child.

Despite the plain language of the statute, Plaintiff contends that denial of his I-601 application was not discretionary because there is a "meaningful standard" to evaluate USCIS's decision. Defendants and the Court disagree.

Section 701(a)(2) of the APA is a very narrow exception that applies to those rare instances where statutes are drawn in such broad terms that there is no law to apply. *Tamenut v. Mukasey*, 521 F.3d 1000, 1003 (8th Cir. 2008) (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977)). But judicial review is not appropriate where the statute is drawn in such a way that a court would have no meaningful standard against which to judge the agency's exercise of discretion. *Id.* (citing *Heckler*, 470 U.S. at 830). Whether to apply the "committed to agency discretion" exception to judicial review depends on "both the nature of the administrative action at issue and the language and structure of the statute that supplies the applicable legal standards for reviewing the action." *Id.* at 1003-04 (quoting *Sec'y of Lab. v. Twentymile Coal Co.*, 456 F.3d 151, 156 (D.C. Cir. 2006)). "The absence of any statutory factors to guide the agency's decision-making process, in

10

combination with the open-ended nature of the inquiry, generally supports the conclusion that the agency action is committed to agency discretion by law." *Id*. (citations and internal quotation marks omitted).

Section 1182(i)(1) of the INA offers no specific factors for USCIS to consider and places no constraints on its discretion. It "does not contain any eligibility requirements or prerequisites to relief—only a discretionary determination of extreme hardship." *Addo v. Mukasey*, 267 F. App'x 442, 448–49 (6th Cir. 2008). The use of permissive and discretionary language—such as "may" and "to the satisfaction of the Attorney General"—further supports the conclusion that USCIS's denial is not subject to review. *See Tamenut v. Mukasey*, 521 F.3d at 1004.

Plaintiff cites several cases for the proposition that USCIS must consider specific factors when applying § 1182(i)(1). These cases, however, do not discuss § 1182(i)(1) and were decided before the Immigration Reform and Immigrant Responsibility Act expressly eliminated the courts' jurisdiction to review decisions committed to the discretion of the Attorney General. In the Eighth Circuit, courts have frequently dismissed for lack of subject matter jurisdiction claims arising from the discretionary denial of status adjustment applications. In *Pritchett v. United States Dep't of Homeland Sec.*, the Court concluded that "the Attorney General has the discretion to make adjustment decisions. 8 U.S.C. § 1255(a). Based on this express statutory preclusion of judicial review, the APA is not available to provide judicial review of the denial of Plaintiff's Form I-485." *Pritchett*, 2020 WL 1032444, at *4. In *Nyumah v. Wolf*, the Court found that denial of the plaintiff's Form I-485 was discretionary where the USCIS expressly stated in the denial letter that "even if [the plaintiff] had established statutory eligibility for adjustment of status (which [he has] not), USCIS would nevertheless deny your application in the exercise of discretion." 500 F.Supp.3d at 828. Indeed, the Eighth Circuit itself has held it lacks "jurisdiction to review discretionary denials

11

of adjustment of status 'unless the petition for review raises a constitutional claim or question of law.'" *Mutie-Timothy*, 811 F.3d at 1048 (citation omitted). "[F]actual arguments couched in legal or constitutional terms are insufficient to overcome the jurisdictional bar." *Id*. (citation omitted).

To be sure, "[a]n agency's bare assertion that it exercised discretion, without a hint of judgment, balancing, or genuine consideration of the issues, does not establish an exercise of discretion." *Nyumah*, 500 F.Supp.3d at 828. But that is not the case here. Despite Plaintiff's assertions to the contrary, USCIS's denial letter establishes that USCIS balanced various factors and demonstrated genuine consideration of the issues. USCIS explained that "granting of a waiver of inadmissibility is a discretionary benefit" and "adverse factors may preclude a favorable exercise of discretion by USCIS." (ECF No. 29-3, p. 2). The denial further stated: "In your case, after full consideration of all of the evidence, USCIS concludes that your case presents significant adverse factors which show that discretion in this matter should not be exercised in your favor." *Id*. While the denial acknowledged favorable factors for Plaintiff—including his marriage to a U.S. citizen and her physical and mental health conditions—it concluded:

> Your repeated abuses of the immigration system in order to enter and remain in the United States fraudulently and engage in unauthorized employment are serious and overriding discretionary factors that outweigh the favorable discretionary factors in this matter.

*Id.* at 3.

Ultimately, this Court lacks jurisdiction to review USCIS's weighing of discretionary factors and Plaintiff cannot avoid this jurisdictional bar by arguing that USCIS applied the wrong legal standard. *Toby*, 618 F.3d at 967-68. Whether to grant a waiver of inadmissibility under

§ 1182(i)(1) is entirely within the discretion of the Attorney General and his delegates. The Court lacks jurisdiction to review the decision under 5 U.S.C. § 701(a)(2).[4]

## II. Constitutional Claims

In his Second Amended Complaint (ECF No. 23), Plaintiff claims a protected interest in waiver of inadmissibility. (ECF No. 23, ¶ 93). Plaintiff asserts that Defendants violated his procedural due process rights by failing to apply the proper legal standard in denying Plaintiff's Form I-601 application. *Id.* at ¶ 95. In their Motion to Dismiss, Defendants argue that Plaintiff has no protected interest in discretionary immigration relief and 8 U.S.C. § 1252(a)(2)(D)—which covers judicial review of certain legal claims—does not apply. The Court agrees.

### A. Plaintiff has no protected liberty or property interest in waiver of inadmissibility.

Plaintiff appears to concede that he has no protected interest by failing to address the issue in his Opposition. Even if Plaintiff had addressed the issue, the Eighth Circuit has held: "Because adjustment of status amounts to a power to dispense mercy, an alien can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights." *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008) (citing *Etchu-Njang v. Gonzales*, 403 F.3d 577, 585 (8th Cir. 2005)). Although Plaintiff's claim relates to his waiver application rather than his application for adjustment of status, the same principles apply. The USCIS's discretionary decision whether to waive inadmissibility amounts to a power to dispense mercy that does not confer a protected liberty interest on an alien. Further, "factual arguments

---

[4] In their Motion, Defendants further argue that this Court lacks jurisdiction because Plaintiff has not exhausted his administrative remedies. The Court need not address this issue because the Court has already determined it lacks subject matter jurisdiction in this case.

couched in legal or constitutional terms are insufficient to overcome the jurisdictional bar." *Mutie-Timothy*, 811 F.3d at 1048 (citation omitted).

Plaintiff nevertheless argues that USCIS violated his due process rights by failing to consider evidence of the extreme hardship Mrs. Shaikh would suffer if USCIS declined to waive inadmissibility.[5] This argument does not negate the fact that Plaintiff has no protected liberty interest in waiver of inadmissibility. Even so, the record demonstrates that USCIS did, in fact, consider such evidence. In its denial, USCIS states: "You have provided evidence of favorable factors, including, but not limited to: Your relationship to your United States citizen spouse, along with her physical and mental health conditions[.]" (ECF No. 29-3, at 2). Despite Plaintiff's claim that USCIS issued a "blanket denial" and "summarily denied" his application, the Decision itself evidences a balancing of many factors that ultimately led to USCIS not exercising its discretion in Plaintiff's favor.

### B. Section 1252(a)(2)(D) of the INA does not give this Court jurisdiction to review USCIS's discretionary denial to grant an inadmissibility waiver.

Plaintiff appears to invoke 8 U.S.C. § 1252(a)(2)(D) by arguing that USCIS applied the wrong legal standard and failed to consider evidence of hardship. Section 1252(a)(2)(D) states:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

---

[5] Plaintiff relies on *Hernandez-Perez v. Mukasey*, 271 F. App'x 592, 594 (9th Cir. 2008). In that case, the plaintiff sought review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order of removal. *Hernandez-Perez* is a Ninth Circuit decision that is not binding on this Court and does not address adjustment of status or waiver of inadmissibility. Instead, the case concerns to the appellate court's exercise of jurisdiction under 8 U.S.C. § 1252(a)(2)(D). But even if *Hernandez-Perez* applied, the court in that case relied on the fact that the IJ and BIA failed to consider or even mention evidence of hardship in their decisions. That is not the case here.

8 U.S.C. § 1252(a)(2)(D). Despite Plaintiff's argument, the statute does not grant jurisdiction to district courts to review questions of law. *Slappendel*, 2021 WL 3007669, at *2 (citing *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009)). Even if Plaintiff could muster a constitutional claim or question of law, "§ 1252(a)(2)(D) does not give [him] a jurisdictional bootstrap into district court." *Id*. (quoting *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 620 (4th Cir. 2010)).

## CONCLUSION

For the reasons above, the Court lacks subject matter jurisdiction over Plaintiff's claims and will grant Defendants' Motion to Dismiss in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall modify the parties in this matter by substituting Alejandro Mayorkas, Secretary of the Department of Homeland Security, in place of Defendant Chad Wolf; and Ur Jaddou, Director of the United States Citizenship and Immigration Services, in place of Defendant Kenneth Cuccinelli.  *See* Rule 25(d), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 25) is **GRANTED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of September, 2021.